UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No.: 3:09-CR-38-TAV-CCS-2 |
| LISA LOCKRIDGE, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on a Retroactive Amendment to the United States Sentencing Guidelines [Doc. 97]. Amendment 750 to the United States Sentencing Guidelines (the "Guidelines") implemented the Fair Sentencing Act of 2010 ("FSA") and reduced the base offense level for most offenses involving crack cocaine. The United States filed a response in opposition, asserting that the defendant's Guidelines range was set by a statutory mandatory minimum, so Amendment 750 does not lower the applicable Guidelines range in this case [Doc. 109].

**I.     Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is section 1B1.10 of the Guidelines Manual, which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

> (a) Authority.--
>
> (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>
> . . .

2

> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2012). The application notes to section 1B1.10 also provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The FSA altered the statutory penalties for offenses involving crack cocaine and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. Because Amendment 750 may now be applied retroactively, *see* U.S. Sentencing Guidelines Manual § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, then the Court has discretion

3

under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

## II. Analysis

The defendant pleaded guilty to and was convicted of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) ("Count One"), and aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 ("Count Three") [Doc. 86]. In calculating the applicable Guidelines range, the probation officer found that the defendant's base offense level was 30 for the conspiracy conviction [Presentence Investigation Report ("PSR") ¶ 23]. After a three-level reduction for acceptance of responsibility, her total offense level was 27 [*Id.* ¶¶ 29, 30]. Given the defendant's criminal history category of III, the corresponding Guidelines range was 87 to 108 months' imprisonment, but this range was restricted by the 120-month statutory mandatory minimum [*Id.* ¶¶ 37, 59, 60]. Thus, the effective Guidelines range was 120 months' imprisonment for Count One [*Id.* ¶ 60]. The government filed a motion for downward departure based upon the defendant's substantial assistance, and the Court granted that motion. The Court sentenced the defendant to a term of 90 months' imprisonment for Count One and 60 months'

4

imprisonment for Count Three, to run concurrently to the sentence for Count One [Doc. 86].[1]

Were the defendant sentenced today for Count One, she would have a total offense level of 23 and an amended Guidelines range of 57 to 71 months' imprisonment. But the defendant would still be subject to a 120-month statutory mandatory minimum for Count One because § 3582(c) permits sentence reductions only pursuant to Guidelines amendments, not Supreme Court decisions or statutory changes, and so the Court cannot afford the defendant relief from the statutory mandatory minimum applied at sentencing under this framework. *See United States v. Downs*, 487 F. App'x 286, 287 (6th Cir. 2012) ("A sentence reduction pursuant to section 3582(c)(2) can only be made on the basis of amendments to the sentencing guidelines."); *United States v. Erazo*, No. 3:08-cr-70, 2012 WL 4442528, at *3 (E.D. Tenn. Sept. 25, 2012) (recognizing that "*Dorsey* does not provide any independent basis to grant relief under 18 U.S.C. § 3582(c). . . . [T]hat statute authorizes reductions based upon retroactive Guidelines amendments, . . . [and] *Dorsey* is not a Guidelines amendment, but a Supreme Court decision."). Therefore, Amendment 750 does not have the effect of lowering the defendant's Guidelines range, and her effective Guidelines range for Count One would be the same today as it was at the time of sentencing—120 months' imprisonment. *See* U.S. Sentencing Guidelines

---

[1] The sentence for Count Three was imposed to run concurrently to the sentence for Count One in light of *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), *abrogated by Abbott v. United States*, 131 S. Ct. 18 (2010).

Manual § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

## III. Conclusion

For the reasons stated herein, the defendant's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on a Retroactive Amendment to the United States Sentencing Guidelines [Doc. 97] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

6